Ralph JOHNSTON, Petitioner,
Appellant,

v.

UNITED STATES of America,
Respondent, Appellee.

No. 87–1403.

United States Court of Appeals,
First Circuit.

Argued Oct. 6, 1987.

Decided Oct. 27, 1987.

Edward Romano, with whom Richard M. Egbert, Boston, Mass., was on brief, for petitioner, appellant.

Sydney Hanlon, Sp. Asst. U.S. Atty., with whom Frank L. McNamara, Jr., Acting U.S. Atty., Boston, Mass., was on brief, for respondent, appellee.

Before BOWNES, Circuit Judge, TIMBERS,* Senior Circuit Judge, and SELYA, Circuit Judge.

PER CURIAM.

■ Ralph Johnston appeals from the district court's summary dismissal of his petition for habeas corpus under 28 U.S.C. § 2255. Johnston stands convicted of federal drug possession and conspiracy charges and his conviction has been affirmed by this court. *United States v. Johnston*, 784 F.2d 416 (1st Cir.1986). The habeas petition alleges that the Supreme Court's recent decision in *Arizona v. Hicks*, —— U.S. ——, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987), has undermined the district court's refusal to suppress certain evidence seized pursuant to the plain view doctrine and that Johnston deserves a new trial. We find that the district court's decision to admit the disputed evidence is fully consistent with *Hicks* and affirm.[1]

## BACKGROUND

■ The facts in this case have been set forth in detail in our earlier opinion, 784 F.2d at 417–20, and will not be belabored

---

* Of the Second Circuit, sitting by designation.

1. We acknowledge that, when a point of law has been decided adversely to a criminal defendant on direct appeal, collateral reconsideration is permitted only where "there has been an intervening change in the law and the new law would have exonerated [the] defendant had it been in force before the conviction was affirmed on direct appeal." *Chin v. United States,*

622 F.2d 1090, 1092 (2d Cir.1980), *cert. denied,* 450 U.S. 923, 101 S.Ct. 1375, 67 L.Ed.2d 353 (1981). We express no opinion as to whether *Hicks* manifested a sufficient "intervening change" to trigger this exception. Inasmuch as Johnston's petition cannot survive the second part of the conjunctive test, the question is academic.

here. Acting on a valid search warrant, four officers of the Dennis, Massachusetts, Police Department searched the residence of petitioner's mother-in-law in July of 1982. The warrant covered marijuana, marijuana derivatives, and other controlled substances. In addition to seizing drugs described in the warrant, the officers seized other incriminating material they happened upon in the course of the search. This included adding machine tapes, loose pages containing columns of numbers, closed files, a closed spiral notebook, and a box containing $20,000 in cash. There is no question that the scope of the warrant did not cover these additional items; the government sought to have the evidence admitted under the "plain view doctrine." *See Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

At a suppression hearing, the district court excluded some of the proffered material and admitted the remainder. The court reasoned that all of the items were in the plain view of the police and their discovery was inadvertent. This satisfied two of the three prongs of the *Coolidge* test. The third prong is whether the evidentiary value of the items was "immediately apparent." The court held that it was immediately apparent that the adding machine tapes, loose pages containing columns of numbers and the cash evinced the distribution and sale of drugs. It ruled that it was not immediately apparent that the closed notebook and files and the folded ledger page were evidence of the sale and distribution of drugs. These items were therefore suppressed.

Johnston appealed the district court's suppression ruling. The thrust of Johnston's suppression argument was that the issue of immediately apparent evidentiary value must be determined at the instant an officer first sights an object. Here, the officers admitted that they did not appreciate the significance of the loose pages and the adding machine tapes when they first encountered them; it was only after searching the remainder of the premises and discovering the various caches of marijuana and the cash that one of the officers realized that the written materials probably related to drug transactions. This court rejected Johnston's claim, finding no reason to impose such artificial limitations on the plain view doctrine. We held that so long as the officers discovered the items inadvertently and did have probable cause, "based on facts *available to them at the time of the search*, of these items' criminal nature," the plain view doctrine applied. 784 F.2d at 420 (emphasis in original).

In March of 1987, Johnston filed a motion under 28 U.S.C. § 2255 to set aside his conviction on the ground that the search and seizure of the documents was "beyond the scope of the warrant, and was not supported by probable cause [u]nder the doctrine of *Arizona v. Hicks*." Noting that both the district court and this court had expressly found that the officers had probable cause to believe that the papers in question were related to illegal drug sales, the district court summarily dismissed the petition.

## THE SUPREME COURT'S DECISION IN *ARIZONA v. HICKS*

*Arizona v. Hicks*, —— U.S. ——, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987), involved the search of an apartment following a shooting. It was conceded that the entry and search of the apartment, though warrantless, were justified by exigent circumstances. In the course of the search, one of the police officers noticed some expensive stereo equipment which seemed out of place in the otherwise ill-appointed apartment. Suspecting that the equipment might be stolen, the officer moved some of the equipment in order to record the serial number and then communicated the number to police headquarters. When it was discovered that the number matched that of equipment recently taken in an armed robbery, the officer seized it. Other equipment in the apartment, also taken during the robbery, was later seized pursuant to a warrant. The resident of the apartment was indicted for robbery.

The state trial court suppressed the seized evidence and, on appeal, the Arizona Court of Appeals and the United States Supreme Court agreed. The Court held

that moving the stereo equipment constituted a search separate and apart from the search for evidence relating to the shooting:

> Merely inspecting those parts of the turntable that came into view during the latter search would not have constituted an independent search, because it would have produced no additional invasion of respondent's privacy interest. But taking action, unrelated to the objectives of the authorized intrusion, which exposed to view concealed portions of the apartment or its contents, did produce a new invasion of respondent's privacy unjustified by the exigent circumstances that validated the entry.

107 S.Ct. at 1152 (citations omitted). The Court further held that any such independent search or seizure must be supported by probable cause; no lesser standard, like the reasonable suspicion of the searching officer, will suffice. 107 S.Ct. at 1153–55.

Simply stated, *Arizona v. Hicks* holds that the plain view doctrine does not justify searches or seizures separate and apart from the searching officer's valid reason for being on the premises unless the independent search or seizure is supported by probable cause. We hold that the district court's disposition of Johnston's suppression motion comports with *Hicks*. The district judge carefully distinguished between actions that were part of the primary search—for example looking into the sugar bowl for marijuana and discovering adding machine tapes—and searches that were independent—for example opening the spiral notebook. And, the court suppressed all the evidence seized pursuant to such independent searches. The district court also found, and we agreed, that the police officers at the scene had probable cause for seizing the adding machine tapes, the loose pages and the cash. *Hicks* demands no more.

If anything, the district court erected greater protections for Johnston than are mandated by *Hicks*. *Hicks* requires only that a searching officer have probable cause before undertaking independent searches while on the premises. The district court would have required the officer to leave the premises and secure a broader warrant based on the lawfully obtained evidence before conducting any further search.

The district court's dismissal of Johnston's petition is

*Affirmed.*