985 F.2d 561
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward PHILLIPS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-3858.
 United States Court of Appeals, Sixth Circuit.
 Feb. 2, 1993.
 
 Before KENNEDY and RALPH B. GUY, JR., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Edward Phillips, a pro se federal prisoner, appeals a district court judgment dismissing his motion to vacate, set aside, or correct sentence filed under 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In July 1989, Phillips was named in three counts of a ten-count indictment charging conspiracy to possess with intent to distribute cocaine, travelling in interstate commerce to facilitate an unlawful activity, and attempt to possess with intent to distribute approximately ten kilograms of cocaine. A jury convicted Phillips as charged on September 28, 1989, and he was sentenced to 120 months imprisonment and 5 years supervised release. The ten-year prison sentence was the mandatory minimum specified by statute. A panel of this court affirmed Phillips's conviction on direct appeal in an unpublished opinion. United States v. Conlee, Nos. 90-3246/3476 (6th Cir. Oct. 7, 1991) (per curiam).
 
 
 3
 Phillips subsequently filed an application for a writ of coram nobis, which was construed by the district court as a motion to vacate. In this motion, Phillips claimed that count 10 (the attempt count) did not charge a violation of a federal statute; consequently, the indictment was defective, the court's jury instructions were erroneous, and he was illegally sentenced. Phillips also asserted ineffective assistance of counsel based upon his appointed counsel's failure to raise this issue at sentencing or on direct appeal. A magistrate judge issued a report on June 17, 1992, in which he recommended that the motion to vacate be denied because attempting to possess with intent to distribute cocaine is a criminal offense under 21 U.S.C. §§ 841(a)(1) and 846. The district court reviewed the record de novo in light of Phillips's objections and adopted the magistrate judge's recommendation in an order and judgment filed July 23, 1992.
 
 
 4
 On appeal, Phillips continues to argue that his indictment was defective as to count 10 and that the jury instructions were erroneous.
 
 
 5
 Upon review, we affirm the district court's judgment because Phillips has not established a fundamental defect in his proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 6
 Accordingly, the district court's judgment, filed July 23, 1992, is affirmed for the reasons stated in the magistrate judge's report and recommendation issued June 17, 1992, as adopted by the district court. Rule 9(b)(3), Rules of the Sixth Circuit.