43 F.3d 1472
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward PHILLIPS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3495.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1994.
 
 Before JONES, NORRIS and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Phillips appeals a district court judgment denying his motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1990, Edward Phillips was convicted after a jury trial of conspiring to distribute cocaine, in violation of 21 U.S.C. Sec. 846 (Count 1), traveling in interstate commerce to facilitate the distribution of cocaine, in violation of 21 U.S.C. Sec. 1952 (Count 8), and attempting to possess with the intent to distribute cocaine, in violation of 21 U.S.C. Sec. 846 (Count 10). The district court sentenced Phillips to a one hundred twenty (120) month term of imprisonment. This court affirmed the conviction and sentence on direct appeal. United States v. Conlee, 946 F.2d 896, 1991 WL 203748 (6th Cir.1991) (unpublished) (per curiam).
 
 
 3
 Phillips thereafter filed a petition seeking writ of error coram nobis which the district court construed as a Sec. 2255 motion to vacate. The matter was referred to a magistrate judge who recommended that the motion be denied. The district court adopted this recommendation, over Phillips's objections. On appeal, this court affirmed the decision. Phillips v. United States, 985 F.2d 561, 1993 WL 22445 (6th Cir.1993) (unpublished order).
 
 
 4
 In 1993, Phillips filed his second post-trial motion in which he challenged the constitutionality of his conviction. The district court denied the motion and this appeal followed. The parties have briefed the issues; Phillips is proceeding without benefit of counsel.
 
 
 5
 Phillips's motion contains challenges to the underlying indictment, the jury instructions and to the effectiveness of his counsel. The record and law, however, do not reflect any fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). The motion was properly denied.
 
 
 6
 Phillips took a direct, counsel-aided appeal from his conviction. The issues raised by counsel, and addressed by the Sixth Circuit, centered around the identity and testimony of a confidential informant and the admission of a co-conspirator's statements. In his initial motion for post-conviction relief, Phillips claimed that Count 10 of the indictment did not charge a violation of a federal crime, that the jury instructions were erroneous and that his sentence was illegal. Phillips also contended his counsel was ineffective in failing to raise these latter issues at sentencing or on direct appeal.
 
 
 7
 Phillips's present motion contains many of the same claims advanced and rejected in his prior post-conviction motion. He specifically set out the following five grounds for relief:
 
 
 8
 1) Count I of the indictment failed to charge an offense;
 
 
 9
 2) Count VIII failed to charge an offense, and Court failed to properly instruct the jury;
 
 
 10
 3) Count VII and X; the Court failed to properly instruct the jury on the overt act;
 
 
 11
 4) Insufficient evidence to prove either conspiracy or attempt;
 
 
 12
 5) Insufficient evidence to prove the conspiracy charged in Count I.
 
 
 13
 The district court summarily dismissed the motion after reviewing the government's response and adopting the rationale contained therein. The government had urged the court to dismiss the motion as the grounds raised were either waived, successive or meritless.
 
 
 14
 On appeal, Phillips maintains three formal assigned errors, namely, all three counts of the indictment for which he stands convicted were insufficient to charge a violation of a federal statute. He also refers in passing to the incorrect jury instruction (originally a part of Ground Two and Three) and to having received ineffective assistance of counsel. This latter claim was not presented, for all practical purposes, to the district court except by fleeting reference on the final page of Phillips's Sec. 2255 motion.
 
 
 15
 None of Phillips's claims is cognizable on appeal. It is initially noted Phillips does not contend that the district court erred in its disposition of his fourth and fifth claims (insufficient evidence to support the conviction). Issues raised in the district court, but not on appeal, are considered abandoned and not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992). In addition, this court has repeatedly held that the sufficiency of evidence to support a conviction may not be collaterally reviewed on a Sec. 2255 proceeding. United States v. Osborn, 415 F.2d 1021, 1024 (6th Cir.1969) (en banc), cert. denied, 396 U.S. 1015 (1970). These claims are therefore not before the court.
 
 
 16
 Phillips's remaining grounds for relief are not properly before the court. One seeking relief in a Sec. 2255 motion to vacate ordinarily may not raise any claim that could have been presented on direct appeal, but was not, unless he demonstrates cause for the failure to do so and actual prejudice resulting from this failure. United States v. Frady, 456 U.S. 152, 167-69 (1982). Ineffective assistance of counsel may constitute cause in this context, Murray v. Carrier, 477 U.S. 478, 488 (1986), if it rises to the level set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). Id. Absent an intervening change in the law of the circuit, a Sec. 2255 movant is also estopped from raising any claims in his motion to vacate that were previously considered and rejected on appeal. Johnston v. United States, 832 F.2d 1, 1 n. 1 (1st Cir.1987) (per curiam). An issue that has been waived may only be considered in the extraordinary case where a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime. Murray, 477 U.S. at 495-96.
 
 
 17
 Phillips's challenges to the sufficiency of the indictment and the propriety of the jury instructions are not cognizable. The adequacy of the indictment was not contested on direct appeal in this case, although it could have been. Phillips has not offered any excuse for his failure to present this claim on direct appeal (other than a brief, conclusory and wholly unsupported reference to ineffective assistance of counsel) and no resulting prejudice is apparent. The propriety of the jury instructions has likewise been waived and, additionally, litigated adversely to Phillips in his first post-conviction motion.
 
 
 18
 Finally, the claim of ineffective assistance of counsel, having been raised in effect for the first time on appeal, is not before the court. An appellate court normally will decline to address an issue not previously presented to the district court in the first instance absent extraordinary circumstances or to prevent an injustice. Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). There are no such extenuating circumstances present in the case at bar. The appeal lacks merit.
 
 
 19
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.