UNITED STATES of America,
Plaintiff–Appellee,

v.

Mack F. FLYNN, aka Maxie Flynn,
Defendant–Appellant.

No. 01–7065.

United States Court of Appeals,
Tenth Circuit.

Oct. 25, 2002.

Donn F. Baker of Baker & Baker, Tahlequah, OK, for Defendant–Appellant.

D. Michael Littlefield, Assistant United States Attorney (Sheldon J. Sperling, United States Attorney, with him on the brief), Muskogee, OK, for Plaintiff–Appellee.

Before SEYMOUR, BALDOCK, and BRISCOE, Circuit Judges.

SEYMOUR, Circuit Judge.

Mack F. Flynn pled guilty conditionally to violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. §§ 2, 924(c), 1952(a)(3), and 922(n). He reserved his right to appeal "any and all adverse rulings, specifically the [ ] denial of his Motion to Suppress." Aplt.App. at 43. On appeal, he contends the district court erred in denying his motion to suppress evidence and also argues there was insufficient evidence that the firearm found in his car was carried "during and in relation to" the underlying crime as required by section 924(c). We affirm.

## I.

On the afternoon of October 3, 2000, Mr. Flynn was driving eastbound in the inside lane of Interstate 40 in Muskogee County, Oklahoma, when he passed a sign reading "Drug Checkpoint 1/3 mile ahead." Just after he reached a second sign reading "Drug Dogs in Use" and saw a police car parked ahead on the highway with its lights on, he made an abrupt lane change and immediately took the exit ramp for Ross Road. At the top of the exit ramp, Mr. Flynn stopped his car briefly while his passenger, Connie Ketcher, opened the door and dropped a large sack from the car. Two officers on the center median of I 40 observed this and radioed the information to other officers who were hidden in the underbrush near the top of the exit ramp. Those officers emerged from the underbrush, examined the sack, and advised the officers remaining on I–40 that the sack contained "a lot of dope." Then, as Mr. Flynn approached the stop sign at Ross Road, officers stopped him and placed him under arrest. The contents of the package thrown from the car, as well as another package that Ms. Ketcher revealed she was carrying when police stopped the car, later tested positive for methamphetamine.

Mr. Flynn conditionally pled guilty to four federal offenses in connection with this incident. On appeal, he challenges the

denial of his motion to suppress the evidence obtained by the officers, arguing that it was acquired in violation of his Fourth Amendment rights. Mr. Flynn also contends that an essential element of the offense was never shown with respect to the second count, mandating reversal of that conviction.

## II.

■■■ In reviewing a district court's denial of a motion to suppress, we accept the district court's findings of fact unless they are clearly erroneous. *United States v. Bute,* 43 F.3d 531, 534 (10th Cir.1994); *United States v. Neu,* 879 F.2d 805, 807–08 (10th Cir.1989). We review *de novo* the ultimate question of whether a search or seizure was reasonable under the Fourth Amendment. *Bute,* 43 F.3d at 534.

The first issue in this appeal concerns Mr. Flynn's conviction for possession with intent to distribute methamphetamine. Mr. Flynn appeals the denial of his motion to suppress the evidence obtained by the officers, including both the package dropped from the car at the top of the exit ramp and the package Mr. Flynn's passenger presented to the officers who stopped the car. He contends all evidence was obtained in violation of his Fourth Amendment rights. We disagree.

■■ As to the package dropped from the car, the Fourth Amendment allows for warrantless search and seizure of abandoned property. *United States v. Hernandez,* 7 F.3d 944, 947 (10th Cir.1993). The test for abandonment is whether the defendant retained a reasonable expectation of privacy in the property. *Id.* If, for example, the defendant continues to try to protect the property from the police, it has not been abandoned. *Smith v. Ohio,* 494 U.S. 541, 543–44, 110 S.Ct. 1288, 108 L.Ed.2d 464 (1990) (holding bag thrown on hood of car not abandoned when police had

to remove defendant's hand from bag in order to search it).

■■■ In order to be effective, abandonment must be voluntary. It is considered involuntary if it results from a violation of the Fourth Amendment. *Hernandez,* 7 F.3d at 947. "[P]olice pursuit or investigation at the time of abandonment does not of itself render the abandonment involuntary." *United States v. Jones,* 707 F.2d 1169, 1172 (10th Cir.1983); *see also California v. Hodari,* 499 U.S. 621, 629, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991); *United States v. Klinginsmith,* 25 F.3d 1507, 1510 (10th Cir.1994). However, property is considered to have been involuntarily abandoned if the defendant discards it as a consequence of illegal police conduct. *See, e.g., United States v. Garzon,* 119 F.3d 1446, 1451 (10th Cir.1997) (finding property not abandoned when left on bus after police issued unlawful order to remove all possessions from bus). Mr. Flynn maintains he only discarded the property on the ramp "as a result of . . . law enforcement's illegal conduct in operating a narcotics checkpoint." Aplt. Reply Br. at 7. He relies on *City of Indianapolis v. Edmond,* 531 U.S. 32, 121 S.Ct. 447, 148 L.Ed.2d 333 (2000), for the general proposition that drug checkpoints constitute illegal police conduct and therefore his abandonment of the property must be considered involuntary.

■■■ This reliance is misplaced. Mr. Flynn never reached a drug checkpoint. He discarded the property prior to being stopped by the police. Up to that moment, he acted voluntarily in response to a ruse established by the police (i.e. the signs warning of a fictitious checkpoint on I–40). The posting of signs to create a ruse does not constitute illegal police activity. *See Klinginsmith,* 25 F.3d at 1508. In fact, had Mr. Flynn continued driving

eastbound on I–40, he would never have been stopped because the checkpoint warned of by the signs did not exist. Even the police car ahead on I–40 was unoccupied. The officers put up the signs only as a ruse to observe suspicious behavior by those who might take the nearest exit after seeing the signs.

Mr. Flynn claims the officers waiting in a car on Ross Road, under the I–40 overpass, were operating an illegal drug checkpoint. The legality (or even the existence) of a checkpoint on Ross Road, however, is irrelevant, as other officers stopped Mr. Flynn before he turned onto Ross Road. The creation of a ruse to cause the defendant to abandon an item is not illegal. *See id.* (approving implicitly a nearly identical ruse). Here the defendant abandoned the property before being stopped by the police. He retained no reasonable expectation of privacy in the object. The abandonment in this situation was voluntary. *See Jones,* 707 F.2d at 1172.

■■ The police may stop a car when they have developed a reasonable individualized suspicion of wrongdoing. *City of Indianapolis,* 531 U.S. at 37, 121 S.Ct. 447. In the case before us, when the officers discovered the package thrown from the car contained drugs, they had a reasonable individualized suspicion sufficient to stop the car. Thus, the seizure of the second item Mr. Flynn sought to suppress—the package that Ms. Ketcher presented to police—was also lawful, as probable cause already existed at that point for a warrantless search and seizure.

We hold the district court did not err in denying Mr. Flynn's motion to suppress the evidence. Reviewing *de novo* the ultimate question of reasonableness under the Fourth Amendment, we conclude the seizure of evidence in this case was valid.

## III.

■ The second issue Mr. Flynn raises in this appeal concerns his conviction for possession of a firearm. Mr. Flynn asserts the district court erred in convicting him of this offense because there was no evidence that the firearm found in his car was carried "during and in relation to" the underlying crime, as required by the statute under which he was convicted. 18 U.S.C. § 924(c). However, Mr. Flynn pled guilty to this count and did not challenge the sufficiency of any element of the indictment below. By entering a voluntary plea of guilty, Mr. Flynn waived all non-jurisdictional defenses. *United States v. Davis,* 900 F.2d 1524, 1525–26 (10th Cir. 1990). We therefore affirm the district court's finding of guilt as to this count of the indictment.

## IV.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.