# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2456

_____

United States of America,　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　　　　*
　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　v.　　　　　　　　　　　　　　　*　District Court for the Eastern
　　　　　　　　　　　　　　　　　　*　District of Missouri.
Gary D. Williams,　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　Appellant.　　　　　　　　*

_____

Submitted:　December 16, 2003

Filed:　March 5, 2004

_____

Before MELLOY, BEAM, and COLLOTON, Circuit Judges.

_____

BEAM, Circuit Judge.

Defendant Gary D. Williams appeals the district court's[1] denial of his motion to suppress 593 pounds of marijuana found in his vehicle. We affirm.

_____

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri, adopting the report and recommendation of the Honorable Audrey G. Fleissig, United States Magistrate Judge for the Eastern District of Missouri.

## I.    BACKGROUND

Williams was driving a tractor-trailer eastbound on Interstate 44 in Missouri when he encountered signs warning that a drug checkpoint was ahead. The signs were placed just before the Sugar Tree exit in Phelps County. Williams took this exit, failed to stop at the stop sign at the end of the exit ramp, rolled through the intersection and stopped on the edge of the adjacent on-ramp. A Phelps County Sheriff's Deputy observed the stop-sign violation and approached Williams's vehicle. After a brief conversation, Williams consented to a search of his vehicle. The search revealed 593 pounds of marijuana, the subject of this appeal.

The drug checkpoint alluded to by the signs on I-44 did not exist—it was a ruse. The ruse was set up to detect drug traffickers on the highway. There are no services—fuel, lodging, or food facilities—accessible from the Sugar Tree exit, so those who exit I-44 at Sugar Tree after seeing the warning signs may be seeking to avoid detection because they are carrying illegal substances. The deputy in this case was observing the exit from a concealed vantage point and made contact with motorists he saw commit traffic violations.

Before trial, Williams moved to suppress the seized drugs. That motion was denied. Williams was convicted and he now appeals the denial of his motion to suppress. Here, as in the district court, Williams claims that the initial contact with the deputy violated the Fourth Amendment. He does not challenge the voluntariness of his consent, nor does he contend he actually stopped at the stop sign.

## II.    DISCUSSION

"We review a district court's findings of fact for clear error and its conclusions of law regarding its denial of a motion to suppress de novo." United States v. Lothridge, 332 F.3d 502, 503 (8th Cir. 2003). The facts stated above are not in

dispute. Rather, the conclusion that the Fourth Amendment was not violated is the focus of our analysis.

The Sugar Tree exit on I-44 has been the subject of a prior opinion of this court—United States v. Yousif, 308 F.3d 820 (8th Cir. 2002). In that case, we held that drugs discovered at the exit should have been suppressed because a drug checkpoint set up at the end of the off-ramp was conducted in violation of the Fourth Amendment under City of Indianapolis v. Edmond, 531 U.S. 32 (2000). Yousif, 308 F.3d at 827-29. Williams contends the Sugar Tree ruse involved here is unconstitutional because it is, in substance, the same checkpoint deemed unconstitutional in Yousif.

We are unpersuaded. In Yousif, all motorists who exited the interstate were stopped at the checkpoint, including Yousif. This, we held, did not pass constitutional muster. Although some of the drivers exiting I-44 may have been seeking to avoid detection, this did not give rise to the requisite individualized suspicion because many "took the exit for wholly innocent reasons." Id. at 827-28. "General profiles that fit large numbers of innocent people do not establish reasonable suspicion." Id. at 828. Therefore, the checkpoint set up on the exit ramp, which resulted in the encounter with Yousif, was unjustified.

Here, there was no checkpoint, so there was no police-citizen encounter that had as its primary purpose "'the general interest in crime control.'" Edmond, 531 U.S. at 44 (quoting United States v. Prouse, 440 U.S. 648, 659 n.18 (1979)). To the contrary, individualized suspicion—indeed, probable cause—arose when the deputy observed Williams run the stop sign. United States v. Pillow, 842 F.2d 1001, 1004 (8th Cir. 1988). Thus, Yousif and Edmond are inapplicable. See United States v. Johnson, 59 M.J. 666, 672 (A.F. Ct. Crim. App. 2003) (distinguishing Yousif and Edmond on the same grounds).

An encounter like the one at issue here is reasonable when probable cause exists. Therefore, the Fourth Amendment was satisfied. Williams attempts to clear this hurdle by claiming that the "heightened suspicion" that existed because Williams exited I-44 after the checkpoint warning played a role in the deputy's decision to initiate contact with him. The Fourth Amendment, however, does not require that law enforcement ignore suspicious behavior or have any particular frame of mind. Exiting I-44 under these circumstances is indeed suspicious, even though the suspicion engendered is insufficient for Fourth Amendment purposes. In fact, the deputy here probably pursued the traffic violation because he suspected drug trafficking—that was after all the conduct to which the operation was geared. But a law enforcement officer's ulterior motives in initiating contact with an individual (or his pursuit of the more general programmatic purposes of the operation) are irrelevant to the Fourth Amendment question when probable cause, the *sine qua non* of which is individualized suspicion, exists. See Edmond, 531 U.S. at 45-46. "'[T]he fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action.'" Whren v. United States, 517 U.S. 806, 813 (1996) (quoting Scott v. United States, 436 U.S. 128, 138 (1978)); accord United States v. Herrera Martinez, 354 F.3d 932 (8th Cir. 2004) (per curiam).

Viewing the situation objectively, the stop-sign violation provided the deputy with probable cause. Thus, his actions did not contravene the Fourth Amendment and the motion to suppress was properly denied. See Johnson, 59 M.J. 666 (coming to same conclusion on materially indistinguishable facts).

Appellant's pending pro se motions are also denied.

## III. CONCLUSION

We affirm.

_____