**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 17 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

NICOLAS GALINDO,

    Defendant - Appellant.

No. 03-2297
(D.C. No. CR-02-2096-JC)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.[**]

---

    Defendant-Appellant Nicolas Galindo appeals from his conviction and sentence under 8 U.S.C. § 1326 for his entry after having been previously deported following his conviction for an aggravated felony. He challenges the sufficiency of the indictment. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Mr. Galindo was arrested on October 26, 2002 in Taos, New Mexico on an outstanding warrant for Aggravated Battery With A Deadly Weapon. 2 R. at 3, ¶ 4. In a one-count indictment, Mr. Galindo was charged as follows:

On or about the 26th Day of October, 2002, the defendant, NICOLAS GALINDO, an alien, was found in Taos County, in the State and District of New Mexico, contrary to law in that the defendant had been deported, excluded and removed and departed the United States on or about May 1, 2001, while an order of exclusion, deportation and removal was outstanding subsequent to a conviction for an aggravated felony, to wit, Aggravated Battery (deadly weapon) in Taos County, New Mexico and the said defendant had not obtained the consent of the Attorney General of the United States for reapplication by the defendant for admission into the United States.
In violation of 8 U.S.C. § 1326(a)(1) and (2), and 8 U.S.C. § 1326(b)(2).

1 R. Doc. 10. Mr. Galindo pleaded guilty to the indictment on February 28, 2003. 1 R. Doc. 25, 26. He was sentenced to 57 months in prison and two years of unsupervised release and ordered to pay a $100 special penalty assessment. 1 R. Doc. 35.

On appeal, Mr. Galindo argues that his conviction should be overturned because the indictment did not allege the element of intent, thus violating his Fifth and Sixth Amendment rights. Thus he argues the court committed plain error by failing to dismiss the indictment. Mr. Galindo did not challenge the sufficiency of the indictment below and pleaded guilty to the offense. By entering a voluntary plea of guilty, Mr. Galindo waived all non-jurisdictional defenses. United States v. Flynn, 309 F.3d 736, 739 (10th Cir. 2002); United

States v. Davis, 900 F.2d 1524, 1525-26 (10th Cir. 1990); see also Tollett v. Henderson, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). Given that Mr. Galindo's challenge regarding the omission of the intent element in the indictment does not present a "jurisdictional" defect, see United States v. Cotton, 535 U.S. 625, 631 (2002), he has waived all but plain error review. We also note Mr. Galindo has made no assertion that his plea was involuntary or unknowing, and we find no support for this conclusion.

Under our review for plain error, Mr. Galindo's claim fails. The Fifth Amendment provides that no person shall be held to answer for "a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V. The Sixth Amendment provides that in "all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." U.S. Const. amend. VI. An indictment meets these constitutional requirements "if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." United States v. Hathaway, 318 F.3d 1001, 1009 (10th Cir. 2003); see also United

States v. Bolton, 68 F.3d 396, 400 (10th Cir. 1995).

Although § 1326 is silent regarding the required intent, this court has concluded that the statute requires a showing of general intent–"that the defendant willfully and knowingly reentered the United States and that he did so without the Attorney General's permission." United States v. Gutierrez-Gonzalez, 184 F.3d 1160, 1165 (10th Cir. 1999). Because general intent is an element of the offense, it must be alleged in the indictment. See United States v. Berrios-Centeno, 250 F.3d 294, 297 (5th Cir. 2001).

Although we have not previously addressed the constitutional sufficiency of an indictment alleging a violation of § 1326 that does not explicitly include the intent element, we agree with our sister circuits that have addressed this issue. See United States v. Parga-Rosas, 238 F.3d 1209, 1213 (9th Cir. 2001) (finding an indictment sufficient if it alleges "that the defendant is a deported alien subsequently found in the United States without permission"); United States v. Guzman-Ocampo, 236 F.3d 233, 239 (5th Cir. 2000) (finding an almost identical indictment sufficient because the indictment "fairly imported that [the defendant's] reentry was a voluntary act in view of the allegations that he had been excluded, deported, and removed and that he was present without having obtained the consent of the Attorney General."). The indictment stated that Mr. Galindo was "found in" the United States, after having been previously "deported,

excluded and removed," without the "consent of the Attorney General of the United States." 1 R. Doc. 10. Given the allegations in the indictment, it appears the language adequately included all the material elements of the offense, including that of intent, thus ensuring that the grand jury passed on all of the essential elements of the offense and that Mr. Galindo was adequately notified of the charges against him.

Our conclusion is reinforced by the reference in the indictment to § 1326(a) and (b). "Although we have held that reference to the charging statute in the body of the indictment is not alone a sufficient substitute for the recitation of an essential element, we have held that reference to the statute can be a factor when assessing the sufficiency of an indictment." United States v. Avery, 295 F.3d 1158, 1175-76 (10th Cir. 2002) (internal quotation marks, citations, and alterations omitted). Thus we conclude the failure of the indictment to specifically allege the element of intent under § 1326 did not constitute plain error in this case.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge