**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 3 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEPHEN C. ROTH, as an individual; and
JEAN GUMESON,

        Plaintiffs - Appellants,

    v.

MICHAEL F. GREEN, DENNIS SPRUELL,
MATT BUFFINGTON, BROOKS
BENNETT, HUGH RICHARDS, DANNY
DUFUR, JEFF COLEMAN, TIM ROWELL,
TOM HALPER, MIKE MEUER, KEN
BRACKETT, SAM HAGER, ROY C.
LANE, JERRY MARTIN, JOEY M.
CHAVEZ, AL BELL, SYDNEY DUKE
SCHIRARD, and DALE WOOD,
individually and in their official capacities;
CITY OF CORTEZ, a public corporation;
CITY OF DURANGO, a public corporation;
TOWN OF MOUNTAIN VILLAGE, a
public corporation; DOLORES BOARD OF
COUNTY COMMISSIONERS, reads as The
Board of County Commissioners for the
County of Dolores, a public corporation; LA
PLATA COUNTY, BOARD OF COUNTY
COMMISSIONERS, reads as The Board of
County Commissioners for the County of La
Plata, a public corporation; MONTEZUMA
COUNTY, BOARD OF COUNTY
COMMISSIONERS, reads as The Board of
County Commissioners for the County of
Montezuma, a public corporation; BILL
OWENS, individually and in his official
capacity; RAYMOND SLAUGHTER,

Nos. 04-1006
04-1256

(D. Colorado)
(D.C. No. 02-B-1116-CSB)

individually and in his official capacity; and unknown Doe defendants 1 through 50,

Defendants - Appellees.

STEPHEN C. ROTH, as an individual; and JEAN GUMESON,

Plaintiffs - Appellants,

v.

MICHAEL F. GREEN, DENNIS SPRUELL, MATT BUFFINGTON, BROOKS BENNETT, HUGH RICHARDS, DANNY DUFUR, JEFF COLEMAN, TIM ROWELL, TOM HALPER, MIKE MEUER, KEN BRACKETT, SAM HAGER, ROY C. LANE, JERRY MARTIN, JOEY M. CHAVEZ, AL BELL, SYDNEY DUKE SCHIRARD, and DALE WOOD, individually and in their official capacities; CITY OF CORTEZ, a public corporation; CITY OF DURANGO, a public corporation; TOWN OF MOUNTAIN VILLAGE, a public corporation; DOLORES BOARD OF COUNTY COMMISSIONERS, reads as The Board of County Commissioners for the County of Dolores, a public corporation; LA PLATA COUNTY, BOARD OF COUNTY COMMISSIONERS, reads as The Board of County Commissioners for the County of La Plata, a public corporation; MONTEZUMA COUNTY, BOARD OF COUNTY COMMISSIONERS, reads as The Board of County Commissioners for the County of Montezuma, a public corporation; BILL OWENS, individually and in his official capacity; RAYMOND SLAUGHTER,

No. 04-1272

(D. Colorado)
(D.C. No. 02-B-1116-CSB)

-2-

individually and in his official capacity; and unknown Doe defendants 1 through 50,

Defendants - Appellees.

----------------------

ROBERT J. MULHERN,

Attorney - Appellant.

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , **ANDERSON** , and **O'BRIEN** , Circuit Judges.

---

In these consolidated appeals, plaintiffs/appellants Stephen C. Roth and Jean E. Gumeson attempt to appeal orders of the district court, granting various dispositive motions in favor of defendants, dismissing the action, granting Rule 11 sanctions and attorneys fees and costs under 28 U.S.C. § 1927 to defendants, and denying plaintiffs' motion for Rule 11 sanctions. For reasons explained more fully below, we conclude we lack jurisdiction over one of the appeals relating to sanctions. We accordingly dismiss that appeal. We affirm the district court's

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

order denying plaintiff's motion for sanctions and the district court's order dismissing this action on its merits.

Plaintiffs filed this 42 U.S.C. § 1983 action against numerous defendants[1] following their arrest and convictions in connection with a "ruse" drug checkpoint in southwestern Colorado. After the court denied his motion to suppress the evidence on the ground that the alleged checkpoint was unconstitutional, Roth was convicted of possession of drug paraphernalia and Gumeson pled nolo contendere to a charge of littering. The Colorado Court of Appeals affirmed Roth's conviction, holding that the "ruse" checkpoint was constitutional. People v. Roth, 85 P.3d 571 (Colo. App. 2003). Both the Colorado and United States Supreme Courts have denied Roth's petitions for certiorari. Roth v. People, No. 03SC641, 2004 WL 423074 (Colo. March 8, 2004), cert. denied, 125 S. Ct. 325 (2004). Gumeson did not appeal her conviction.

Meanwhile, on June 12, 2002, plaintiffs filed this § 1983 action seeking damages and declaratory relief against numerous individuals and public entities,

_____

[1]Defendants are Colorado Governor Bill Owens, Raymond Slaughter, the Town of Mountain Village, Ken Brackett, Dale Wood, Matt Buffington, Tom Rowell, Tom Halper, Mike Meuer, Sheriff Sydney "Duke" Schirard, Sheriff Jerry Martin, the Boards of County Commissioners for the Counties of Dolores and La Plata, the City of Durango, Al Bell, Jeff Copeland, Michael Green, Joey Chavez, Sam Hager, Brooks Bennett, Hugh Richards, the Board of County Commissioners for Montezuma County, the City of Cortez, Dennis Spruell, Danny Dufur, Roy Lane, and unknown Doe defendants 1-50.

asserting that the stop and seizure of the contraband pursuant to the "ruse" checkpoint violated the Fourth Amendment and further asserting that defendants conspired to violate the Fourth Amendment. Defendants filed motions to dismiss and/or for summary judgment, arguing: (1) the court lacked jurisdiction over Roth's claims because of the Rooker-Feldman doctrine; (2) the Heck v. Humphrey, 512 U.S. 477 (1994), doctrine barred recovery of damages where plaintiffs' convictions had not been reversed or otherwise declared invalid; (3) plaintiffs failed to state claims under Fed. R. Civ. P. 12(b)(6); (4) the undisputed facts establish that the "ruse" checkpoint was constitutional; and (5) there were no facts showing personal involvement by the defendants. The district court granted defendants' motions, finding that the Rooker-Feldman doctrine prevented its consideration of Roth's claims; that Roth's claims were collaterally estopped; that the Heck doctrine barred both plaintiffs from recovering damages; that plaintiffs failed to state a claim under Fed. R. Civ. P. 12 for civil conspiracy; and that the undisputed facts establish that the "ruse" checkpoint was constitutional, particularly in light of recent Tenth Circuit authority, United States v. Flynn, 309 F.3d 736 (10th Cir. 2002), which upheld the constitutionality of a virtually identical "ruse" checkpoint. The district court subsequently denied plaintiffs' request for leave to proceed on appeal pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24, concluding that "plaintiffs have not shown the existence of a

reasoned, non-frivolous argument on the law and facts in support of the issues raised on appeal" and that the appeal was not taken in good faith. Order, R. Vol. 3, doc. 148.

Appeal No. 04-1006 is plaintiffs' appeal on the merits of the district court's dismissal of their action. Although as we explain, *infra*, we lack jurisdiction over one of the two appeals relating to the Rule 11 sanctions, No. 04-1272, we have jurisdiction over appeal No. 04-1066, which fully resolved the merits of the action. See Turnbull v. Wilcken, 893 F.2d 256, 257 (10th Cir. 1990) (noting that the "order . . . which fully resolved all substantive issues on the merits . . . was a final judgment as to the merits within the meaning of 28 U.S.C. § 1291 even though certain issues regarding the award of sanctions remained unadjudicated") (citing Budinich v. Becton Dickinson & Co., 486 U.S. 196 (1988)). We affirm the dismissal of plaintiffs' action, for substantially the reasons set forth in the district court's order.

As indicated, appeal Nos. 04-1256 and 04-1272 relate to the district court's award of Rule 11 sanctions and attorneys fees and costs under 28 U.S.C. § 1927 for defendants and against plaintiffs' counsel, and the concomitant denial of plaintiffs' request for sanctions. Appeal No. 04-1256, involving the denial of plaintiffs' motion for sanctions is a final order which we affirm.

With respect to appeal No. 04-1272, involving the grant of defendants' motion for sanctions, to be paid by plaintiffs' counsel, both parties concede that the district court has not yet entered an order determining the amount of sanctions to be awarded one group of defendants, called the "Mountain Village defendants." "[B]ecause an appeal from the award of sanctions may not be taken until the amount has been determined," Turnbull, 893 F.2d at 258, and because we avoid piecemeal appeals, we conclude that we lack jurisdiction over that appeal. We therefore dismiss it.

For the foregoing reasons, we AFFIRM the district court's dismissal of this action (appeal No. 04-1006) and the district court's denial of plaintiffs' request for sanctions (appeal No. 04-1256). We DISMISS the appeal of the order granting defendants' request for sanctions (appeal No. 04-1272).

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

04-1006, 04-1256 & 04-1272,   *Roth v. Green*
**O'BRIEN** , Circuit Judge, concurring.


I concur but write separately to address an issue overlooked by the majority, one lying at the core of our adversary system—attorney conduct. Our system is not only adversarial, but largely fault based; it seeks to hold accountable those whose acts cause injury or expense to others and to hold strictly accountable those who needlessly or intentionally cause such harm. Inconvenience and expense to litigants is the unfortunate byproduct of litigation and we trust (sometimes blindly) that societal benefits outweigh the costs and that litigation expense is allocated appropriately. But, when causing expense and inconvenience becomes the object rather than an incident of litigation, something is amiss. Civil defendants needlessly forced to incur litigation expenses approaching $100,000.00 are entitled to <u>full</u> restitution.

On January 5, 2004, appellants filed their notice of appeal from the dismissal of their § 1983 claims (# 04-1006). Shortly after the dispositive motions were granted by the district court, appellees sought Rule 11 sanctions against appellants' counsel, Robert J. Mulhern, 1) for continuing to press §1983 claims after being placed on notice of a clear, recent decision of this Court foreclosing liability of the appellees; 2) without advancing a non-frivolous argument for making this case exceptional. See Fed. R. Civ. P. 11()b)(2). Attorney Mulhern responded with his own motion for Rule 11 sanctions against

appellees' counsel, faintly echoing their claims against him.  After hearing from the parties, the district judge decided attorney Mulhern's Rule 11 motion was without merit.  Addressing appellees' Rule 11 motions, the judge determined that even if the § 1983 claims were not frivolous at the outset, they became so when attorney Mulhern continued to pursue them in spite of contrary controlling authority. [1]  Consequently, the judge imposed compensatory sanctions in favor of some of the appellees totaling more than  $75,000.00.  However, substantial compensatory sanction motions made by other appellees were not resolved.  Nevertheless, attorney Mulhern appealed.  We have dismissed that appeal (# 04-1272) for lack of finality.  Mulhern also appealed the denial of his Rule 11 motion (# 04-1256).  We have affirmed that order as well as the §1983 dismissal.

---

[1]The district court stated:

> In suing twenty-six named defendants and Does 1-50, Mulhern engaged in shotgun litigation, and ignored the realities of the Defendants' non-involvement in the circumstances applicable to his clients.  I conclude Mulhern unreasonably and vexatiously multiplied the Defendants in this case, thereby recklessly increasing the amount of attorney and paralegal time spent on litigation, and the costs associated therewith.

> Defendants who clearly had no liability under the circumstances were forced to obtain counsel and defend against specious claims. Mulhern refused to withdraw claims or dismiss various Defendants against whom claims could not be maintained.

Appellant's Br. (04-1256 & 04-1272), Addendum 1, Order, June 14, 2004 at 6.

Although some sanction motions remain in the pipeline, unresolved by the district court, those pending motions will not address the propriety of these appeals. Appellees have not moved for appellate sanctions. Even so, because the §1983 claims were frivolously continued in the district court and on this appeal, we should address the issue *sua sponte*.[2] An order to show cause should issue directing attorney Mulhern to demonstrate why he should not be sanctioned pursuant to Fed. R. App. P. 38 and 28 U.S.C. § 1927 for pursuing a frivolous appeal.[3] Such a cataclysmic remedy is properly reserved for serious and flagrant violations, so I offer this justification.

"An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Braley v. Campbell*, 832 F.2d

[2]Appellate sanctions should be considered only in the § 1983 appeal (# 04-1006). The appeal of the sanctions imposed on attorney Multhern (# 04-1272) was premature and the appeal of the denial of sanctions against appellees (# 04-1256), while lacking merit, was not frivolous.

[3]Federal Rules of Appellate Procedure, Rule 38 provides:

If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

28 U.S.C. § 1927 provides:
Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

1504,1510 (10th Cir. 1987) (en banc), *quoting Taylor v. Sentry Life Ins.*, 729 F.2d 1137, 1138 (9th Cir. 1984). The subjective good faith of an attorney does not provide safe harbor. Sanctions are imposed when, viewed objectively, counsel's conduct "manifests either intentional or reckless disregard of the attorney's duties to the court." *Braley*, 832 F.2d at 1512. *See also Miera v. Dairyland Ins.*, 143 F.3d 1337, 1342 (10th Cir. 1998) ("[t]o excuse objectively unreasonable conduct by an attorney would be to state that one who acts 'with an empty head and a pure heart' is not responsible for the consequences.") (citation omitted).

Attorney Mulhern's conduct in the district court and on appeal presents a paradigmatic case for sanctions. As we have stated before, "an attorney must realize, even if a party does not, that the decision to appeal should be a considered one, taking into account what the district judge has said, not a knee-jerk-reaction to every unfavorable ruling." *Braley,* 832 F.2d at 1513 (quotation omitted).

The hopelessness of prevailing on appeal of the § 1983 dismissal was obvious when it was filed. In spite of Tenth Circuit precedent upholding the constitutionality of a search and arrest nearly identical to the facts of appellants' case, attorney Mulhern was committed to his march to the sea. [4] That aside, on

---

[4]*See United States v. Flynn*, 309 F.3d 736 (10th Cir. 2002). Mulhern relied heavily on *United States v. Yousif*, 308 F.3d 820 (8th Cir. 2002), an exit ramp

(continued...)

-4-

appeal he insists the district court should have stayed the § 1983 case until the constitutionality of the ruse drug checkpoint, the stop and the resulting search was finally decided in Roth's criminal appeal. That argument, now moot, must bow to a more important problem that infected the § 1983 claims—a problem attorney Mulhern has studiously ignored. Even if the Supreme Court had reversed *Roth* (and thereby overruled *Flynn*), *Flynn* would still shield the appellees from liability under the "clearly established" prong of qualified immunity. [5] *See Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (a right is clearly established when it would be clear to a reasonable [government representative] that his conduct was unlawful in the situation he confronted). Clearly

---

[4](...continued)
checkpoint case, for the proposition that a ruse checkpoint should be held to be an actual drug checkpoint and, therefore, the *Flynn* court's failure to apply the test in *Brown v. Texas*, 443 U.S. 47 (1979) was error. However, unlike this case, *Yousif* and every other case cited by attorney Mulhern, involved the detention of vehicles without individualized suspicion or probable cause. Morbid was his argument to the district court that it should ignore controlling circuit precedent in favor of non-analogous cases from other circuits. The morbidity turned fatal when, prior to the time attorney Mulhern filed his appellate brief, the Eighth Circuit held that a stop, when based on individualized suspicion or probable cause, is constitutional and *Yousif* is not applicable. *United States v. Williams*, 359 F.3d 1019, 1021 (8th Cir. 2004)("individualized suspicion--indeed, probable cause--arose when the deputy observed Williams run the stop sign. Thus, *Yousif* and *Edmond* are inapplicable.).

[5]Having concluded there was no constitutional violation, the district court did not address the issue of qualified immunity.

unreasonable is an argument that a state actor would recognize her conduct was constitutionally problematic when this Court had recently held otherwise.

Attorney Mulhern continues to insist his § 1983 appeal has merit because it legitimately challenges the district court's refusal to stay its decision applying the *Rooker-Feldman* doctrine and its application of the *Heck v. Humphrey* doctrine. Even if these arguments were correct (unlikely), they are a calculated distraction. Those issues matter only if a reversal in Roth's criminal case could make a difference in appellants' § 1983 case. Because of the qualified immunity shield, they matter not. The central issue, never addressed by Mulhern, is qualified immunity (the reasonable belief of the appellees that their conduct was lawful).

On October 12, 2004, the United States Supreme Court denied certiorari in Roth's state criminal case, thereby establishing as final the holding of the Colorado Court of Appeals in *People v. Roth*, 85 P.3d 571 (Colo. Ct. App. 2003), *cert. denied* 2004 WL 423074 (Colo. March 08, 2004)(No. 03SC641). *See Roth v. Colorado*, 125 S.Ct. 325 (Oct. 12, 2004). Thus, for purposes of this appeal, the detention and search of Roth's car was constitutional, rendering moot all of appellants' § 1983 claims. Even so, Mulhern gave no indication that his clients were conceding the § 1983 issues until oral argument, thus requiring needless preparation by opposing counsel and this panel. It does not appear Mulhern admits error and he offers no apologies.

-6-

I reiterate the sentiments of Judge Porfilio (f/k/a Judge Moore). "Sanctions are obviously to be levied to punish the offender as a deterrence to future misconduct; but, with equal importance, they are to be levied to compensate a party who has had to finance the defense of groundless action. In these times when abusive frivolous litigation abounds, we do not serve the cause of justice when we ignore an offended party's right to compensation." *Braley*, 832 F.2d at 1516 (Moore, J., dissenting). There is no basis for an appeal of the dismissal of the § 1983 case. Attorney Mulhern's refusal to accept that fact coupled with his blind and relentless charge has caused a significant waste of time and money. To ignore attorney Mulhern's conduct is an injustice.