**F I L E D**

**UNITED STATES COURT OF APPEALS**

**July 19, 2005**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JOSE LOPEZ-GUZMAN,

      Defendant - Appellant.

No. 04-3160

(D.C. No. 02-CR-40133-SAC)

(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

Defendant was indicted for possession with intent to distribute approximately 5.9 kilograms of cocaine in violation of 18 U.S.C. § 841(a)(1). Defendant filed a motion to suppress evidence allegedly obtained in violation of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

his Fourth Amendment rights. The district court denied the motion. Defendant then entered a conditional plea and subsequently brought this appeal.

On September 13, 2002, Defendant was driving eastbound on I-70 through rural Kansas. Sergeant Rule, driving westbound on that same stretch of road, was conducting routine patrol when he noticed Defendant following too closely behind another driver in violation of Kansas traffic law. After noticing the traffic violation, Sergeant Rule turned around and followed Defendant for approximately one mile before pulling him over.

After stopping Defendant, Sergeant Rule immediately realized that an apparent language barrier existed between Defendant and himself; Defendant spoke Spanish while Sergeant Rule spoke English. Over the course of Sergeant Rule's career, he had learned some Spanish and therefore attempted to communicate with Defendant in both English and in his admittedly poor Spanish. The two discussed several issues and Sergeant Rule eventually issued Defendant a traffic citation.

After issuing the traffic citation, Sergeant Rule handed Defendant his drivers' license and registration, and began to step away from the car. Before arriving back to his patrol car, Sergeant Rule turned around and returned to Defendant's vehicle to ask Defendant additional questions. Sergeant Rule first asked Defendant if he could engage him in further questioning. Defendant

agreed. He then asked Defendant, in Spanish, if he had any drugs. Defendant denied carrying any drugs. Sergeant Rule then asked in both English and Spanish if he could search the vehicle. Defendant agreed.

After agreeing to a search of the vehicle, Defendant began to move his car. Sergeant Rule immediately corrected Defendant's action by telling him that he had asked him, Defendant, to exit the car. Defendant complied. Sergeant Rule's subsequent search revealed approximately 5.9 kilograms of cocaine.

On appeal, Defendant claims that his consent was not knowingly and voluntarily given, rendering Sergeant Rule's search violative of his Fourth Amendment rights, and, as a result, the district court should have granted Defendant's suppression motion. "In reviewing the denial of a motion to suppress, we must accept the district court's factual findings unless clearly erroneous and we view the evidence in the light most favorable to the prevailing party." *United States v. Springfield*, 196 F.3d 1180, 1183 (10th Cir. 1999) (citation omitted). In considering this evidence, "we are mindful that at a hearing on a motion to suppress, the credibility of the witnesses and the weight to be given the evidence together with the inferences, deductions and conclusions to be drawn from the evidence, are to be determined by the trial judge." *United States v. Werking*, 915 F.2d 1404, 1406 (10th Cir. 1990) (internal quotation marks omitted). Nevertheless, we review *de novo* the district court's legal conclusion

that the search comported with the strictures of the Fourth Amendment. *United States v. Ramirez*, 63 F.3d 937, 940 (10th Cir. 1995).

Generally, prior to searching one's possessions, an officer must have a warrant issued from a judicial officer. *See United States v. Jackson*, 381 F.3d 984, 988 (10th Cir. 2004). However, an exception to the warrant requirement exists when consent is given by the person to be searched. *Id.* For consent to be valid, the government bears the burden of proving by a preponderance of the evidence that the consent was freely and voluntarily given. *See United States v. Zubia-Melendez*, 263 F.3d 1155, 1160 (10th Cir. 2001). "The government must show there was no duress or coercion, express or implied, that the consent was unequivocal and specific, and that it was freely and intelligently given." *United States v. Hernandez*, 93 F.3d 1493, 1500 (10th Cir. 1996).

Defendant contends that he could not have given voluntary consent because he does not speak English very well. The existence of a language barrier can vitiate consent. *See United States v. Hernandez*, 913 F.2d 1506, 1510 (10th Cir. 1996) (explaining that "language barriers may inhibit a suspect's ability to [act] knowingly and intelligently"). However, a finding by the district court that a defendant could converse sufficiently with the officer to demonstrate an understanding of the officer supports a decision of voluntary consent. *See Zubia-Melendez*, 263 F.3d at 1163.

The district court made such findings in this case:

> The court finds . . . that defendant understood Sergeant Rule's requests sufficiently to respond to them, and that he did respond to them. Defendant demonstrated adequate receptive language skills to consent to search, particularly given the fact that Sergeant Rule spoke Spanish at crucial times to assure defendant's understanding of what was being asked him.
>
> . . . .
>
> Defendant responded to several of Sergeant Rule's requests made in English, without any Spanish counterparts, such that the court is persuaded that defendant understood English sufficiently to consent to the officer's request to search the vehicle.

*United States v. Lopez-Guzman*, 246 F. Supp. 2d 1155, 1161 (D. Kan. 2003). This finding was based on a preponderance of the evidence standard. *Id.* at 1160.

While what Defendant truly understood in his conversation with Sergeant Rule is difficult to ascertain, we cannot say that the district court's finding is clearly erroneous. "A finding of fact is 'clearly erroneous' if it is without factual support in the record or if the appellate court, after reviewing all the evidence, is left with a definite and firm conviction that a mistake has been made." *Manning v. United States*, 146 F.3d 808, 812 (10th Cir. 1998). After reviewing the record, including the video-taped encounter between Defendant and Sergeant Rule, we are not left with a firm conviction that a mistake has been made. Indeed, the high hurdle imposed by the clearly erroneous standard has not been met.

In addition, Defendant argues that notwithstanding this court's finding that

his consent was valid, he revoked his consent when he began to move his car forward. A suspect may revoke his consent. *See United States v. West*, 219 F.3d 1171, 1178 (10th Cir. 2000) (recognizing the right of a criminal suspect to withdraw his consent). The district court again made a clear finding in this regard: "[T]he movement [of the vehicle] does not appear to evidence defiance of the officer's request that defendant move to the shoulder of the road, but rather compliance with what defendant thought Sergeant Rule's request to be." *Lopez-Guzman*, 249 F. Supp. 2d at 1162. The fact that Defendant may have misunderstood the specifics of Sergeant Rule's request does not demonstrate a revocation of his consent.[1] Misunderstandings are commonplace in our culture, regardless if the two parties speak the same language. After reviewing the record, we do not find the district court's finding of fact to be clearly erroneous. The fact that Defendant quickly exited his car when Sergeant Rule clarified his request defeats Defendant's argument that he was revoking his consent when he began to move his car.

---

[1]We also agree with the district court that "the fact of the vehicle's movement [is also] insufficient to . . . indicate that [Defendant's consent] was not freely given." *Lopez-Guzman*, 346 F. Supp. 2d at 1162.

**AFFIRMED.**

Entered for the Court


Monroe G. McKay
Circuit Judge