**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 18, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNTIED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSE LOPEZ-GUZMAN,

    Defendant - Appellant.

No. 06-3031
(D.C. Nos. 05-CV-3412-SAC and
02-CR-40133-SAC)
(D. Kansas)

**ORDER DENYING LEAVE TO PROCEED
ON APPEAL *IN FORMA PAUPERIS*,
DENYING CERTIFICATE OF APPEALABILITY,
AND DISMISSING APPLICATION**

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Jose Lopez-Guzman, a federal prisoner proceeding *pro se*,[1] filed a 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. The district

_____

[1] We construe *pro se* pleadings liberally. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

court dismissed the motion on January 5, 2006. Lopez-Guzman then petitioned the district court for a certificate of appealability (COA) and for permission to proceed *in forma pauperis* (*ifp*) on appeal. The court denied both requests. The application for a COA was denied because Lopez-Guzman failed to make a substantial showing of the denial of a constitutional right. The court denied his request to proceed *ifp* because he failed to show the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues he raised on appeal. *See* 28 U.S.C. § 1915(a)(3). He renewed his petition for a COA and leave to proceed *ifp* in this Court. *See* 28 U.S.C. § 2253(c)(1)(B); FED. R. APP. P. 22(b)(1), 24(a)(5). We, too, deny his requests.

## *Background*

On April 20, 2004, Lopez-Guzman was sentenced to 120 months imprisonment after pleading guilty, pursuant to a plea agreement, to one count of possession with intent to distribute 5.9 kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1). Pursuant to a reservation in the plea agreement, he filed a direct appeal alleging the district court erred in denying his motion to suppress. We affirmed and the Supreme Court denied certiorari on October 3, 2005. *United States v. Lopez-Guzman*, 145 Fed. Appx. 627 (10th Cir.), *cert. denied*, 126 S.Ct. 304 (2005).

On October 26, 2005, Lopez-Guzman filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. He claimed the district court

was without jurisdiction to try or sentence him because his indictment failed to identify an element of his offense. Specifically, he asserted the indictment failed to contain subsection (b) of 21 U.S.C. § 841, the section which sets forth the penalty for a violation of § 841(a)(1). Lopez-Guzman also claimed his attorney rendered ineffective assistance of counsel in allowing him to plead to a faulty indictment.

The district court dismissed his motion, concluding it fell within the scope of his plea agreement waiver, his waiver was knowing and voluntary, and there would be no miscarriage of justice if the waiver were enforced. As stated above, the district court also denied Lopez-Guzman's application for a COA and for leave to proceed *ifp* on appeal (certifying the appeal was not taken in good faith).

*Certificate of Appealability*

A COA is a jurisdictional pre-requisite to our review. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). We will issue a COA only if Lopez-Guzman makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must establish that "reasonable jurists could debate whether . . . the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quotations omitted). Insofar as the district court dismissed his habeas petition on procedural grounds, Lopez-Guzman must demonstrate both "that jurists of reason

would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* We review the district court's factual findings for clear error and its legal conclusions *de novo*. *English v. Cody,* 241 F.3d 1279, 1282 (10th Cir. 2001).

Lopez-Guzman argues, *inter alia*, the district court erred in concluding he had waived his right to collaterally attack his conviction and sentence via his plea agreement. He contends his indictment's defect is jurisdictional and he could not voluntarily plead guilty to an defective indictment. After carefully considering the record and Lopez-Guzman's arguments, we conclude he has failed to make a sufficient showing that he is entitled to a COA on any of his claims.

Contrary to his assertions, the indictment states the type of controlled substance, its weight, and references the penalty section he claims is missing.[2]

---

[2] The indictment stated:

On or about the 13th day of September, 2002, . . . Jose Lopez-Guzman, did knowingly and intentionally possess, with intent to distribute, approximately 5.9 kilograms of cocaine . . . in violation of Title 21, United States Code, Section 841(a)(1), with reference to Title 21, United States Code, Sections

-4-

Thus, his counsel was not ineffective in allowing him to plead guilty. In addition, he admitted to each element of the crime prior to the district court's acceptance of his plea. Finally, even if the indictment was defective, Lopez-Guzman waived all non-jurisdictional defenses when he entered his voluntary plea of guilty. *United States v. Flynn*, 309 F.3d 736, 739 (10th Cir. 2002). His claimed omission does not raise jurisdictional implications. *United States v. Cotton*, 535 U.S. 625, 631 (2002) ("[T]his Court some time ago departed from [the] view that indictment defects are 'jurisdictional.'"); *see also United States v. Pettigrew*, 346 F.3d 1139, 1146 (D.C. Cir. 2003) ("[T]he omission of drug quantity from jury instructions is not a jurisdictional error."). Therefore, his objection to the indictment was waived when he voluntarily entered his guilty plea and fell within the scope of the plea agreement waiver of his right to collaterally attack his conviction. The district court's order of dismissal is not reasonably debatable. *Slack,* 529 U.S. at 484. Accordingly, we DENY Lopez-Guzman's application for a COA.

*Request to Proceed IFP*

In addition, we reject Lopez-Guzman's request to proceed *ifp* on appeal. "We have previously concluded that 28 U.S.C. § 2254 habeas corpus and 28 U.S.C. § 2255 proceedings, and appeals of those proceedings, are not 'civil

841(b)(1)(A) and 812, and Title 18, United States Code, Section 2. (R. Vol. I, Doc. 3.)

-5-

actions' for purposes of 28 U.S.C. §§ 1915(a)(2) and (b)." *McIntosh v. United States Parole Comm'n.*, 115 F.3d 809, 811 (10th Cir. 1997). However, Lopez-Guzman "remains obligated to comply with, and is subject to, all of the other provisions of 28 U.S.C. § 1915." *Id*. at 812. This includes a requirement that he present a reasoned, non-frivolous argument on appeal. *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991); *see* 28 U.S.C. § 1915(e)(2). Because he has not satisfied this requirement, his pending request to proceed *ifp* is DENIED. Lopez-Guzman is ordered to immediately pay the full filing fee. *Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001) (dismissal of an appeal does not relieve appellant of the obligation to pay the appellate filing fee in full).

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge