**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 28, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LUKE A. MORAN,

Defendant - Appellant.

No. 05-3211

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE D. Kan.**
**(D. Ct. No. 04-CR-10215-MLB)**

---

John K. Henderson, Jr., Assistant Federal Public Defender, Office of the Federal Public Defender for the District of Kansas, Wichita, Kansas, appearing for the Appellant.

Brent I. Anderson, Assistant United States Attorney (Eric F. Melgren, United States Attorney, with him on the brief), Office of the United States Attorney for the District of Kansas, Wichita, Kansas, appearing for the Appellee.

---

Before **TACHA**, Chief Circuit Judge, **BALDOCK**, and **LUCERO**, Circuit Judges.

---

**TACHA**, Chief Circuit Judge.

Following a felony indictment charging him with being a user of marijuana in

possession of ammunition in violation of 18 U.S.C. § 922(g)(3), Defendant-Appellant

Luke A. Moran pleaded guilty to a superseding information charging misdemeanor possession of marijuana under 21 U.S.C. § 844(a).  Thereafter, the District Court discovered that Mr. Moran had told his drug counselor that he had not, in fact, possessed marijuana on the day he had admitted to doing so.  The District Court withdrew its acceptance of Mr. Moran's guilty plea, and he later pleaded guilty to being a user of marijuana in possession of ammunition as charged in the original indictment.  He now appeals the District Court's rejection of his guilty plea on the misdemeanor possession charge.  We take jurisdiction under 28 U.S.C. § 1291, and because we conclude the District Court did not clearly err in determining that there existed no factual basis for the plea, we AFFIRM.

## BACKGROUND

On May 18, 2004, Mr. Moran gave two men a ride from Hutchinson to Buhler, Kansas.  Mr. Moran was carrying a concealed firearm at the time.  Accounts differ, but at some point the two men pulled out their own weapons and shot at Mr. Moran as he tried to escape from the car.  He was struck three times as he ran away from his car through a rural field.  The two men then stole Mr. Moran's car, leaving him severely wounded.  He was discovered the next morning by a driver on a nearby country road.

When the men were captured, they told the police that they had shot Mr. Moran because he had tried to steal their marijuana, which all three had been smoking in the car.  According to Mr. Moran, however, the men kidnaped him at gunpoint.  He claims he did not try to rob the men of the marijuana, and he did not consume any at that time.

Following an investigation into the matter, on September 21, 2004, Mr. Moran was charged in an indictment of being an unlawful user of a controlled substance in possession of ammunition on May 18, 2004.[1] *See* 18 U.S.C. § 922(g)(3). He posted bond and began participating in a drug treatment program as a condition of his pre-trial supervision. The government later charged Mr. Moran in a superseding information with one count of unlawful possession of marijuana on May 18, 2004. *See* 21 U.S.C. § 844(a).

Negotiations with the Government persuaded Mr. Moran to plead guilty to the misdemeanor possession count in exchange for the dismissal of the felony user-in-possession count. The District Court held a hearing under Fed. R. Crim. P. 11 and accepted Mr. Moran's guilty plea on January 31, 2005. Pursuant to the agreement, the Government dismissed the original indictment.

Two days later and prior to the entry of judgment, however, the District Court sent a letter to all counsel setting forth its concern that Mr. Moran's plea to the possession charge would permit him to continue to possess firearms. The letter also referenced a memorandum that Mr. Moran's probation officer had filed with the court indicating that Mr. Moran told his drug counselor the day after the plea hearing that he was not guilty of the charge and had been forced by the Assistant United States Attorney and his own lawyer to enter a plea. Accordingly, the District Court set another hearing for February 14 to determine the validity of the plea it had already accepted.

---

[1]Ammunition from Mr. Moran's concealed firearm was found in the field where he had been shot. Marijuana was alleged to be the controlled substance.

At the hearing, the court appeared to acknowledge that prosecutorial discretion precluded inquiry into why the Government agreed to dismiss the indictment in exchange for Mr. Moran's plea to the possession count. Nevertheless, the court expressed grave concern regarding Mr. Moran's inconsistent statements and the validity of his guilty plea. Mr. Moran's drug counselor was called to the stand and testified under oath precisely what the probation officer's memo had reported—that Mr. Moran told him (the counselor) that he was directed by the Government and his attorney to say at his plea hearing that he was in possession of marijuana on May 18, 2004, when in fact Mr. Moran was not in possession of marijuana at that time. The drug counselor also testified that a week later, he asked Mr. Moran whether he wanted to change his statement, and Mr. Moran declined.

A detective involved in the investigation of the May 18 events was also called to the stand. He testified that when he questioned Mr. Moran about what had happened, Mr. Moran told him that he did not possess marijuana that day. The detective also testified, however, that he did not believe Mr. Moran when he made that statement. Moreover, testimony at the hearing established that Mr. Moran frequently used marijuana. Mr. Moran's drug counselor stated that Mr. Moran has a problem with using marijuana. He tested positive for the drug twice in October 2004, and he told the detective that while he had not possessed marijuana on May 18, he would likely test positive for it because the two men in the car had been smoking it in his presence. Finally, the court afforded Mr. Moran the opportunity to testify himself at this hearing, but Mr. Moran chose not to.

Following the hearing, the District Court withdrew its acceptance of Mr. Moran's guilty plea to possessing marijuana on May 18, 2004. It reasoned:

> [M]y acceptance of his plea is withdrawn and rejected. This case is set for trial. And this man, I believe, did not tell me the truth when he came in here before and he is placed in custody as of now pending trial and there will be no plea. I will not accept another plea from him.

Later, the court underscored that it was not voiding any plea agreement between Mr. Moran and the Government. Rather, it simply refused to accept a guilty plea after it became clear that there was not a factual basis for it:

> After hearing the evidence, I withdrew my acceptance of the plea. I want to make it clear on the record that I did not touch the plea agreement. I don't have any authority to void a plea agreement. That's a contract between the Government and the Defendant. All I did was withdraw my acceptance of the plea based on the evidence that I heard. And I should say parenthetically that I offered the Defendant the opportunity to testify at the hearing . . . and he did not do so. So based on the evidence that I heard, I withdrew my acceptance of the plea.
>
> . . . .
>
> [H]ad I known at the time . . . of this situation, I would not have accepted it. And the Defendant has brought this on himself by going to his alcohol counselor the day after I accepted the plea and telling the alcohol counselor that he didn't do it. Now, I gave him the opportunity to speak the other day at the hearing. Of course, I'll hear anything he wants to say today. But when a defendant comes before me and admits under oath that he committed a crime, then I don't want the record cluttered with a claim to someone else that he was forced to do it by his lawyer, forced to do it by the prosecutor, and most importantly, that he was not guilty . . .

The District Court vacated the guilty plea. Thereafter, the original indictment charging Mr. Moran with being a user of marijuana in possession of ammunition was reinstated, and he pleaded guilty to that offense on February 15, 2004. He was sentenced

to fifteen months' imprisonment.[2]  On appeal, Mr. Moran contends that the District Court erred in withdrawing its acceptance of his guilty plea to the misdemeanor possession charge because there was a sufficient factual basis to support it.

## ANALYSIS

It is well-established that a criminal defendant does not have the absolute right to plead guilty.  *Santobello v. New York*, 404 U.S. 257, 262 (1971).  Instead, "[t]his phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances." *Id.*  These safeguards are contained in Fed. R. Crim. P. 11, which requires, *inter alia*, the district court to ascertain whether the defendant understands the charges against him as well as his rights not to plead guilty and to a jury trial.  Fed. R. Crim. P. 11(b)(1).

Significant to this case, the Rule also requires the district court to determine that a factual basis supports the guilty plea.  Fed. R. Civ. P. 11(b)(3); *United States v. Barker*, 681 F.2d 589, 592 (10th Cir. 1982).  The factual basis for the plea need not come solely from the defendant's statements at the plea hearing.  *See Howard v. United States*, 135

---

[2]The day after this second guilty plea, Mr. Moran sold stolen firearms to a pawnbroker and possessed two pounds of marijuana.  He subsequently was charged with and pleaded guilty to being a felon in possession of a firearm (the felony being the user-in-possession conviction of February 15) and was sentenced to twenty-seven months' imprisonment on May 16, 2005.  Sentencing in the instant case also took place on May 16, and the fifteen-month sentence was ordered to run concurrently to the twenty-seven month sentence.  Mr. Moran's felon-in-possession conviction is not at issue in this appeal.

F.3d 506, 509 (7th Cir. 1998) (stating that "any finding of an adequate factual basis at the initial plea hearing is necessarily preliminary"). Rather, the district court "may look to answers provided by counsel for the defense and government, the presentence report, 'or . . . whatever means is appropriate in a specific case'—so long as the factual basis is put on the record." *United States v. Smith*, 160 F.3d 117, 121 (2d. Cir. 1998) (quoting *United States v. Maher*, 108 F.3d 1513, 1524–25 (2d Cir. 1997)).

Rule 11 also contemplates the existence of the factual basis for the plea both when the court accepts the plea, and when it enters judgment on it. *See* Fed. R. Crim. P. 11(b)(3) ("*Before entering judgment on a guilty plea*, the court must determine that there is a factual basis for the plea.") (emphasis added); *Smith*, 160 F.3d at 121 (the "district court's obligations under Rule 11[(b)(3)] continue until it has entered judgment."). In this way, the Rule permits the district court, once it has accepted a plea, to reject it after the discovery of facts inconsistent with the plea. *See United States v. Ventura-Cruel*, 356 F.3d 55, 60–61 (1st Cir. 2003) (affirming vacated plea when the district court discovered that the defendant disavowed an element of the crime after pleading guilty to it); *see also* 1A Charles Alan Wright, Federal Practice and Procedure: Criminal § 174 at 207 (3d ed. 1999) ("[I]f a plea has been accepted and the court should later decide that it is not satisfied that there was a factual basis for the plea, it should vacate the plea and then enter a plea of not guilty on behalf of the defendant."); *Smith*, 160 F.3d at 121 ("If [the court] decides there was no factual basis for a guilty plea after accepting it, the court should vacate the plea and enter a plea of not guilty on behalf of the defendant."); *United States*

*v. Keiswetter*, 866 F.2d 1301, 1302 ("[w]hen it is determined that a plea of guilty is improvidently accepted by a trial court without full compliance with Fed. R. Crim. P. 11, the plea must be vacated.").

We will not reverse a district court's determination as to the existence of facts supporting a guilty plea unless that determination is clearly erroneous. *See United States v. Barnhardt*, 93 F.3d 706, 710 (10th Cir. 1996). Such a determination is clearly erroneous only if it is without factual support or if we are definitely and firmly convinced that a mistake has been made. *Barnhardt*, 93 F.3d at 710. We find no such error here. After accepting Mr. Moran's guilty plea but before entering judgment on it,[3] the District Court learned that Mr. Moran was not only protesting his innocence but also claiming that the prosecutor and his own attorney had coerced him into pleading guilty. The District Court held a hearing on the matter, and the only two witnesses called to testify confirmed what the District Court had been told. Moreover, Mr. Moran himself has never disputed that he did, in fact, make such statements. Instead, Mr. Moran contends that he was embarrassed by the publicity surrounding his case and was only trying to make himself look better when he told his counselor and the detective that he had nothing to do with marijuana that day. Nevertheless, Mr. Moran chose not to testify himself at the February

---

[3]Under Rule 32(k), "[i]n the judgment of conviction, the court must set forth the plea, the jury verdict or the court's findings, the adjudication, and the sentence." Fed. R. Crim. P. 32(k). Because the District Court had not yet sentenced Mr. Moran when it withdrew its acceptance of his guilty plea—indeed, the withdrawal came only two weeks after the acceptance—the court had not yet entered judgment against him and was therefore still constrained by Rule 11(b)(3). *See Ventura-Cruel*, 356 F.3d at 60.

hearing on the matter. Under these circumstances, the District Court concluded that Mr. Moran had not been truthful when he pleaded guilty to the information charging him with possession of marijuana on May 18, and, accordingly, that there was not a sufficient factual basis to support his plea. Given the record in this case, we do not find the District Court's determination to be clearly erroneous.

To the extent Mr. Moran argues that his subsequent conviction for being a user of marijuana in possession of ammunition on May 18 necessarily means that he also possessed marijuana on May 18, we reject that contention as well. It is clear that the former conviction does not require proof that he was using—and, presumably, possessing—marijuana at the exact time he possessed the ammunition. Rather, the Government need only show that the drug use was "contemporaneous with" the possession of the firearm or ammunition to support a conviction under 18 U.S.C. § 922(g)(3). *United States v. Bennett*, 329 F.3d 769, 776–777 (10th Cir. 2003); *see also United States v. Edmonds*, 348 F.3d 950, 953 (11th Cir. 2003) (adopting approach set forth in *Bennett*). Given Mr. Moran's admitted extensive use of marijuana, as well as his positive test results even while on pre-trial supervision, the Government has met its burden here. *See Edmonds*, 348 F.3d at 953 (extensive drug use history coupled with positive test results after the offense while on bond supports finding that drug use was contemporaneous with possession of firearm). The District Court, then, did not clearly err when it rejected Mr. Moran's guilty plea to possessing marijuana but accepted his plea to being a user of marijuana in possession of ammunition.

## CONCLUSION

The District Court did not clearly err when it determined that there existed no factual basis for Mr. Moran's plea of guilty to possession of marijuana. We therefore AFFIRM its order vacating its original acceptance of the plea.