**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**November 30, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TERRY WILLIAM CLIFFORD,

    Defendant - Appellant.

No. 21-8004
(D.C. No. 1:20-CR-00039-SWS-3)
(D. Wyo.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HOLMES**, **KELLY**, and **MATHESON**, Circuit Judges.
_____

Defendant-Appellant Terry William Clifford appeals from his conviction for

possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C.

§ 924(c)(1)(A)(i).  He challenges whether there was an adequate factual basis for his

plea.  Fed. R. Crim. P. 11(b)(3).  Our jurisdiction arises under 28 U.S.C. § 1291, and

we affirm.

### Background

In May 2020, Mr. Clifford was indicted for various offenses.  The parties

entered into a plea agreement in which Mr. Clifford pled guilty to the above offense

---

    [*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and conspiracy to distribute methamphetamine, 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A).  2 R. 10–11.

The government filed a prosecutor's statement detailing the facts surrounding Mr. Clifford's offenses.  2 R. 17–22.  At the change of plea hearing, the court was unsatisfied with Mr. Clifford's answers regarding possession of a firearm.  See 3 R. 31–32.  Mr. Clifford's counsel explained that the firearm was found in a backpack at the same time that Mr. Clifford was found in possession of drugs.  3 R. 32.  Mr. Clifford confirmed these facts.  3 R. 32.  The court again confirmed: "And during this time that you possessed the firearm, you were also involved in drug trafficking activity?"  3 R. 32.  Mr. Clifford answered in the affirmative.  3 R. 33.  Both the government and Mr. Clifford's counsel agreed that a sufficient factual basis was established.  3 R. 33.

**Discussion**

Ordinarily, we review the sufficiency of the factual basis for a guilty plea for clear error.  United States v. Moran, 452 F.3d 1167, 1171–72 (10th Cir. 2006).  But Mr. Clifford failed to object to the factual basis of his guilty plea at the district court and did not argue for plain error review in his opening brief.  He belatedly argued for plain error in his reply brief.  Aplt. Reply Br. at 8.  Consequently, under the circumstances of this case, we find that Mr. Clifford waived his claim.  See United States v. Walker, 918 F.3d 1134, 1153 (10th Cir. 2019); United States v. Leffler, 942 F.3d 1192, 1198 (10th Cir. 2019).

Separately, we find that Mr. Clifford invited any error.  Mr. Clifford's counsel provided the factual nexus between the possession of a firearm and the conspiracy to distribute methamphetamine.  Mr. Clifford subsequently adopted his counsel's statement and the district court accepted these statements.  Mr. Clifford thus invited error and may not now assert that the factual basis of the guilty plea was insufficient.  See United States v. Edward J., 224 F.3d 1216, 1222 (10th Cir. 2000).

Finally, even if we consider Mr. Clifford's claim on plain error review, Mr. Clifford failed to show that the district court erred, let alone that the record fails to provide a factual basis for the plea.  See United States v. Sanchez, 13 F.4th 1063, 1077 (10th Cir. 2021); United States v. Carillo, 860 F.3d 1293, 1300 (10th Cir. 2017).  Here, both Mr. Clifford's statements and the prosecutor's statement provide an ample factual basis for his guilty plea.  See United States v. Landeros-Lopez, 615 F.3d 1260, 1263 (10th Cir. 2010).

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge