**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-5053**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

DONELLE KIRLEW, a/k/a Badass,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:07-cr-00183-LMB-1)

---

Submitted: July 23, 2008      Decided: September 5, 2008

---

Before WILKINSON, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Lana M. Manitta, RICH, GREENBERG, ROSENTHAL & COSTLE, LLP, Alexandria, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Patricia T. Giles, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donelle Kirlew appeals his convictions and 156-month sentence after being found guilty of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000), and possession of body armor by a convicted felon, in violation of 18 U.S.C. § 931 (2000). Kirlew claims the district court erred in denying his motion to suppress evidence recovered from the car he was driving prior to his arrest, asserting that police lacked probable cause to search the locked trunk. Kirlew also contends the district court violated his constitutional right to present a defense by denying his request to call a witness to provide exculpatory testimony. Finally, Kirlew claims his 156-month sentence was unreasonable, as the district court erroneously imposed an upward variance from the sentencing guidelines range based on factors that were already taken into consideration. Finding no error, we affirm.

In denying Kirlew's motion to suppress, the district court concluded that "a search incident to arrest in this case would be justified, but even if that argument were not sufficient, I think the abandonment theory . . . and inevitable discovery, I think there are three powerful arguments . . . any one of which would be sufficient." Kirlew contends the search of his vehicle was not incident to his arrest because the car was outside the area of his immediate control at the time police placed him under

arrest.  Kirlew asserts that even if this exception applied, only the passenger compartment could have been searched, as the police lacked probable cause to open the trunk of the car.  On appeal, we review legal conclusions underlying the denial of a motion to suppress de novo, and factual findings for clear error.  United States v. Moreland, 437 F.3d 424, 429 (4th Cir. 2006).  The evidence is construed in the light most favorable to the Government, the prevailing party below.  United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

While Kirlew contends the police lacked probable cause to search the trunk, he fails to address the preliminary issue of whether he maintained any privacy interest in the car after jumping out of the vehicle and leaving it in the middle of a public street. The Fourth Amendment protects property for which an individual maintains a "subjective expectation of privacy that society recognizes as reasonable." Kyllo v. United States, 533 U.S. 27, 33 (2001).  A person who voluntarily abandons his property "loses any reasonable expectation of privacy in the property and is consequently precluded from seeking to suppress evidence seized from the property."  United States v. Leshuk, 65 F.3d 1105, 1111 (4th Cir. 1995).  In determining whether property has been abandoned, we must consider "'not whether all formal property rights have been relinquished, but whether the complaining party retains a reasonable expectation of privacy in the [property]

alleged to be abandoned.'"  United States v. Stevenson, 396 F.3d 538, 546 (4th Cir. 2005) (quoting United States v. Haynie, 637 F.2d 227, 237 (4th Cir. 1980)) (alteration in original).

After being pursued by police during a dangerous high-speed chase, Kirlew jumped out of the still-moving vehicle and fled on foot, as the car drifted down the road into oncoming traffic before coming to a stop on the median.  During the hearing on the motion to suppress, Kirlew contended these actions did not qualify as abandonment because he intended to flee from the police, not to relinquish all rights to the vehicle.  However, abandonment may be found where a fleeing defendant "relinquishes an object to make his flight easier."  United States v. Basinski, 226 F.3d 829, 837 (7th Cir. 2000).  Furthermore, the fact that Kirlew vacated his car in an effort to evade capture by the police does not make his abandonment of the vehicle involuntary.  See United States v. Flynn, 309 F.3d 736, 738 (10th Cir. 2002).

While Kirlew maintained he had a privacy interest in the contents of the car,[1] an individual's expectation of privacy in his automobile is less than in other property, particularly when the vehicle is left in the street or another public area.  See United States v. Bellina, 665 F.2d 1335, 1340-41 (4th Cir. 1981).  In this

_____

[1]While Kirlew was driving the car in question, he was not the owner of the vehicle.  See Stevenson, 396 F.3d at 546 (in making abandonment determination, "it is still relevant to consider a defendant's property interest").

- 4 -

case, the vehicle was found resting on the median of the street, over 100 yards from where Kirlew jumped out. When the detective opened the unlocked driver's side door, he noted the car was still in drive and the engine was still running. Accordingly, we find that Kirlew's actions indicate an absence of any reasonable expectation of privacy in the contents of the vehicle. See United States v. Tate, 821 F.2d 1328, 1330 (8th Cir. 1987) (citing United States v. Walton, 538 F.2d 1348, 1354 (8th Cir. 1976)); United States v. Edwards, 441 F.2d 749, 751 (5th Cir. 1971). Because Kirlew abandoned his vehicle, the district court did not err in denying his motion to suppress.

Kirlew next contends the district court erred by excluding Edward Orenge as a witness, thereby violating Kirlew's constitutional right to effective assistance of counsel and to present a defense. According to Kirlew's proffer, Orenge would have testified that Melanie Fetters, Kirlew's girlfriend, purchased two weapons from him during the relevant time period. Kirlew contends this testimony would have rebutted Kristian Coffey's statement that she saw Brandi Cockrell go into a gun store and, using a receipt and identification belonging to Fetters,[2] return with a firearm that she gave to Kirlew. Kirlew claims this evidence was material because it would cast doubt on whether Coffey

---

[2]Fetters was charged with making false statements in connection with her purchase of the firearm that she acquired for Kirlew.

saw Kirlew in possession of the specific firearm charged in the indictment.

A district court's decision to admit or exclude evidence is reviewed for abuse of discretion. United States v. Iskander, 407 F.3d 232, 236 (4th Cir. 2005). The relevant inquiry is whether the district court's exercise of discretion was arbitrary or irrational. Id. Pursuant to Fed. R. Crim. P. 52(a), evidentiary rulings are subject to harmless error review. United States v. Weaver, 282 F.3d 302, 313 (4th Cir. 2002).

Despite Kirlew's claims, the district court correctly held that Orenge's testimony had little relevance to the case, as the testimony failed to address whether Kirlew exercised dominion or control over the 9 millimeter handgun charged in the indictment. While Kirlew asserts that Coffey may have seen him in possession of a different firearm than the one charged in the indictment, this issue was adequately addressed during Coffey's testimony, as Coffey conceded she did not remember any specific features of the gun, only that it was "small" and "black." Because Coffey could not state with any degree of certainty that Kirlew had possessed the same firearm charged in the indictment, further testimony about the possibility of a second firearm would have been of little consequence. See Fed. R. Evid. 401 (defining "relevant evidence"); United States v. Prince-Oyibo, 320 F.3d 494, 501 (4th Cir. 2003).

Furthermore, Orenge's testimony would have opened the door to additional inquiries regarding other firearms purchased or possessed by Fetters. However, the district court had previously granted Kirlew's request to exclude evidence regarding another firearm that was recovered by police during a search of Fetters' residence. By excluding Orenge's testimony, the district court maintained a consistent position in regard to evidence of firearms that were not identified in the indictment. Had Kirlew been allowed to "open the door" on this matter, the Government might have been permitted to introduce otherwise inadmissible evidence in order to explain or refute Orenge's testimony. See United States v. Higgs, 353 F.3d 281, 329-30 (4th Cir. 2003). Accordingly, the district court properly exercised its discretion by preventing the introduction of irrelevant and possibly prejudicial evidence. Even assuming the district court erred in excluding Orenge's testimony, Kirlew has failed to demonstrate this ruling prejudiced his defense, as his claim that Fetters purchased two firearms does little to address the strength of the Government's independent evidence demonstrating that he was in possession of the handgun charged in the indictment. Therefore, Kirlew's claim is without merit.

Kirlew's final claim is that his 156-month sentence is unreasonable. Following United States v. Booker, 543 U.S. 220 (2005), a district court must engage in a multi-step process at

sentencing. First, it must calculate the appropriate advisory Guidelines range. It must then consider the resulting range in conjunction with the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008) and determine an appropriate sentence. Gall v. United States, 128 S. Ct. 586, 596 (2007). We review the district court's imposition of a sentence for abuse of discretion. Id. at 597; see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). This court "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall, 128 S. Ct. at 597.

If there are no procedural errors, we then consider the substantive reasonableness of the sentence. Id. "Substantive reasonableness review entails taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Pauley, 511 F.3d at 473 (internal quotation marks and citation omitted). While this court may presume a sentence within the Guidelines range to be reasonable, we may not presume a sentence outside the range to be unreasonable. Id. Moreover, we must give deference to the district court's decision

that the § 3553(a) factors justify imposing a variant sentence and to its determination regarding the extent of any variance. Id. at 473-74. "Even if we would have reached a different sentencing result on our own, this fact alone is 'insufficient to justify reversal of the district court.'" Id. at 474 (quoting Gall, 128 St. Ct. at 597).

Kirlew does not claim his sentence was procedurally unreasonable; rather, he asserts his sentence was substantively unreasonable because the district court failed to identify any factors justifying the considerable upward variance imposed. However, Kirlew has failed to demonstrate the district court abused its discretion in determining the § 3553(a) factors supported a 156-month sentence and justified a 41-month deviation from the Guidelines range, as the court identified valid reasons for the divergence. See Pauley, 511 F.3d at 473-74. While Kirlew contends the district court improperly "re-counted" his criminal history and the nature of the offense, § 3553(a)(1) directs the court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." The district court noted that Kirlew's possession of body armor and a handgun indicated he was "expecting to potentially be involved in a shootout," and that the "dangerous" nature of the offense constituted an aggravating factor. Furthermore, the district court properly accounted for Kirlew's lengthy criminal history, noting he

had "almost a lifetime career of criminal activity" and that his juvenile record "literally had to [be] [brought] out in a cart." The district court also found that Kirlew had exhibited a "propensity" for illegal activity and that there was a likelihood of future dangerousness, as Kirlew committed the subject offenses only two months after being released from prison. See 18 U.S.C.A. § 3553(a)(2)(C).

Kirlew contends the district court erred by considering his lack of remorse because he pled not guilty to the charges. However, the district court's consideration of this factor was appropriate in light of Kirlew's allocution at sentencing, in which he demonstrated a complete lack of contrition, downplayed his criminal history, and failed to accept the dangerous nature of his actions, claiming that his crime was simply "one possession of a firearm by a convicted felon." Following Kirlew's statements, the district court was well within its discretion to impose a higher sentence in order to properly reflect the seriousness of the offense and promote respect for the law. See 18 U.S.C.A. § 3553(a)(2)(A). Finally, while Kirlew claims there was little consideration given to his need for mental health treatment, the district court clearly evaluated this matter at sentencing, as the court required Kirlew to receive mental health counseling and recommended that he be designated to a facility where he could obtain "extensive mental health treatment." See United States v.

Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006) (district court's explanation for sentence should indicate consideration of arguments raised by both parties). Therefore, Kirlew has failed to demonstrate his sentence was unreasonable.

Accordingly, we affirm Kirlew's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED