**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 13-4434**

———————————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

STEPHEN MICHAEL HOPKINS,

              Defendant – Appellant.

———————————

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.   John T. Copenhaver,
Jr., District Judge.  (2:11-cr-00178-1)

———————————

Submitted: January 7, 2014          Decided: April 23, 2014

———————————

Before DUNCAN, AGEE, and DIAZ, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

A. Courtenay Craig, CRAIG LAW OFFICE, Huntington, West Virginia,
for Appellant.   R. Booth Goodwin II, United States Attorney,
Monica D. Coleman, Assistant United States Attorney, OFFICE OF
THE UNITED STATES ATTORNEY, Charleston, West Virginia, for
Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A grand jury charged Stephen Michael Hopkins with aiding and abetting the possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Hopkins pleaded guilty and was sentenced to 151 months' imprisonment. He now appeals from a district court order denying his motion to suppress the heroin and related contraband, which police found in a car driven by Hopkins.

The district court concluded that the evidence should not be suppressed because the officers had reasonable suspicion to perform a Terry[*] stop of the car. The district court also determined that Hopkins was precluded from seeking to suppress the evidence because he abandoned the car. We agree and affirm the judgment of the district court.

I.

On appeal from a criminal conviction, we recite the relevant facts in the light most favorable to the government. United States v. Smith, 701 F.3d 1002, 1004 (4th Cir. 2012).

A.

At approximately 9:14 p.m. on March 16, 2011, Charleston, West Virginia police officers were dispatched to a possible

---

[*] Terry v. Ohio, 392 U.S. 1 (1968).

2

burglary in progress. Officer Daniel Goffreda arrived first on the scene and noticed a car parked in front of the residence with the engine still running. Goffreda observed that there were two people in the car, one in the driver's seat, and the other in the back seat behind the driver. The configuration struck Goffreda as "questionable," J.A. 95, so he decided to speak with the men.

Goffreda spoke primarily with Hopkins, the driver. In response to Goffreda's request for identification, Hopkins provided an identification card bearing the name of Tyrone Kimbrough. Goffreda informed the men of the possible burglary. Hopkins claimed that he and his passenger were in the area because they were "girl watching." J.A. 83. Goffreda thought this response was unusual considering it was nearly 9:30 p.m. in a quiet residential area.

Officer Charles Whittington also responded to the burglary call. Whittington heard Goffreda ask Hopkins to turn off the engine and step out of the car. Hopkins turned off the engine, but then quickly restarted the car. At this point, Whittington directed Hopkins to step out of the car. Hopkins instead reached for the car's gear shift, which prompted Whittington to reach inside the car in an unsuccessful attempt to disable it. Moments later, Hopkins sped away.

The officers pursued Hopkins for less than a mile before Hopkins lost control of the car, crashed into a tree, and fled on foot. As he ran from the car, Hopkins left the key in the ignition and the doors open. Two officers chased and eventually apprehended Hopkins.

A subsequent search of the car uncovered two cell phones, an empty gun holster, and a plastic grocery bag containing money, marijuana, and heroin.

### B.

Hopkins moved to suppress the evidence found inside the car. The district court denied Hopkins' motion to suppress, concluding that the "routine encounter . . . ripen[ed] into one that gave rise to the reasonable suspicion necessary for a Terry stop." J.A. 194. As a result, the officers were permitted to take the necessary steps to effectuate a stop.

The district court also reasoned that Hopkins was precluded from seeking to suppress the evidence seized because he forfeited his reasonable expectation of privacy in the car and its contents when he voluntarily abandoned it.

### II.

In reviewing the district court's ruling on a motion to suppress, we review its factual findings for clear error and its legal conclusions de novo. United States v. McGee, 736 F.3d 263, 269 (4th Cir. 2013), cert. denied, 2014 WL 713333 (2014).

4

After carefully reviewing the briefs, record, and legal authorities, we conclude that the district court's analysis was substantially correct. See United States v. Hopkins, No. 2:11-00178, 2013 WL 125666 (S.D.W. Va. Jan. 9, 2013). As did the district court, we conclude that the officers had reasonable suspicion to initiate a Terry stop. Moreover, when Hopkins fled from the police, he abandoned the car, thereby forfeiting any privacy interest in the car or its contents. See United States v. Kirlew, 291 F. App'x 536, 538-39 (4th Cir. 2008) (unpublished) (holding that the defendant abandoned the car he was driving, thus relinquishing any reasonable expectation of privacy to the contents of the car, when he jumped out of the still-moving car and fled on foot during a high speed chase with police).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED